USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/2026

Trivella & Forte LLP

**Westchester**
1311 Mamaroneck Ave., Ste 170
White Plains, New York 10605

**ATTORNEYS AT LAW**
Telephone: (914) 949-9075
Facsimile: (914) 949-4752
info@tfsllp.com

**Long Island**
10 Harbor Park Dr., Ste 100
Port Washington, NY 11050

MEMO ENDORSED

September 28, 2026

VIA ECF

Hon. Nelson S. Román
United States District Judge
United States District Court, Southern District of New York
Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

See pg. 4

Re: Gesualdi, et al. v. PCI Industries Corporation, No. 24-cv-4809 (NSR)
Submission of Plaintiffs' proposed Stipulation and Order pursuant to ECF No. 57; withdrawal of the order to show cause; request for a conference

Dear Judge Román:

This firm represents Plaintiffs. By order entered September 24, 2026 (ECF No. 57), the Court directed the parties to submit the proposed stipulation no later than today at 12:00 p.m. Counsel have met and conferred at length and have not been able to agree upon one. Plaintiffs submit their proposed Stipulation and Order as Exhibit A. It is not executed by Defendant, and Plaintiffs do not represent that it is agreed. Plaintiffs write so that the Court is not left with the impression that its order was disregarded, to report the status of the negotiations, to identify the provisions Defendant does not accept together with Plaintiffs' position on each, and to request a brief conference.

## I. THE ORDER TO SHOW CAUSE IS WITHDRAWN

At the conference held September 11, 2026 the Court directed that Plaintiffs' pending application for a default judgment, made by order to show cause (ECF Nos. 17, 23), be withdrawn because it cannot be amended. Paragraph 1 of Exhibit A does that. So that the Court's direction is carried out whether or not a stipulation is ever executed or so ordered, Plaintiffs withdraw the order to show cause (ECF Nos. 17, 23) by this letter, without prejudice, upon the terms of paragraphs 1 and 2 of Exhibit A. The Clerk of Court is respectfully requested to terminate any motion shown as pending at ECF Nos. 17 and 23.

Plaintiffs state here, as they do in the fifth WHEREAS clause of Exhibit A, that the Funds' payroll auditor has completed Audit No. 24-0929 of Defendant's own books and records for September 26, 2022 through June 30, 2025 and reported that no scheduled deficiencies were found, and that the estimated audit upon which the application rested is superseded by it. What remains is the question the auditor could not reach: whether covered work was performed or compensated through the three non-signatory affiliated entities, whose books and records were never provided to him.

II. THE MEET AND CONFER

Plaintiffs sent Defendant's counsel the initial draft stipulation, which contained the withdrawal clause, on September 11, 2026 at 4:55 p.m. Defendant's counsel replied on September 12 that he would review it with his client in the middle to end of the following week. After chambers set September 24 as the submission date, Defendant's counsel wrote to the Court and to Plaintiffs' counsel on September 18, 2026 at 4:05 p.m. that he had reviewed the proposed order, "made some suggested changes and comments, sent to my client and awaiting to hear back from my client."

Defendant's redline arrived September 21 at 7:58 a.m. Plaintiffs answered it point by point that afternoon, accepted five of Defendant's changes and circulated clean and redlined documents. Defendant's counsel then sought an extension (ECF No. 56), which the Court granted in part by ECF No. 57. On September 24 at 4:53 p.m. he wrote, "I need to talk with my client first." His further comments, sent at 6:06 p.m. that evening, stated that he had been unable to reach his client by telephone and that the changes he proposed were subject to his client's approval. Plaintiffs responded in detail early on September 25 and accepted most of what Defendant asked for, circulating a revised redline that afternoon and a further revision that evening.

On Saturday, September 26, 2026 at 6:56 a.m., Defendant's counsel wrote: "My comments speak for themselves. I am still waiting to talk with my client. I think we will need further discussions with the judge before I could sign anthying."

That is, in substance, the same representation he made to the Court eight days earlier. Plaintiffs do not suggest bad faith on the part of Defendant's counsel, and report this only because it explains why there is no signed stipulation before the Court: every position Defendant has taken since September 21 has been expressly subject to a client approval that has not been obtained.

III. WHAT DEFENDANT DOES NOT ACCEPT, AND PLAINTIFFS' POSITION

Defendant's counsel has written that most of Plaintiffs' revisions are acceptable to him. Four matters remain.

A. The Certificate of Default

Defendant asks that the certificate of default entered October 16, 2024 (ECF No. 11) be withdrawn and that it be deemed to have appeared with leave to answer, or, in the alternative, that the audit of the affiliated entities be conducted under a new audit in a new action. Plaintiffs will not agree to either. Relief from the certificate is governed by Fed. R. Civ. P. 55 (c) and requires a showing Defendant has not made; it is for the Court to decide upon a record, and not for Plaintiffs to concede in a stipulation whose only purpose is to permit the auditor to complete his work. Paragraph 2 of Exhibit A therefore leaves the certificate undisturbed and grants Defendant nothing, while making the withdrawal of the application expressly without prejudice, so that Defendant stands exactly where it stood before the application was made.

B. Discovery as of Right

Defendant asked on September 25, 2026 for a mechanism permitting it to contest any deficiency the auditor may find without first having to seek the Court's permission. Paragraph 9 of Exhibit A gives Defendant a genuine process: twenty days to serve written objections upon the auditor and Plaintiffs' counsel identifying each disputed item and the basis for the objection, a supplemental or revised report from the auditor within fourteen days, and presentation to the Court at the conference of anything still in dispute. What paragraph 9 does not do, and what Plaintiffs will not do by stipulation, is decide in advance whether a defendant in default is entitled to discovery. Paragraph 9 reserves that question to the Court.

C. Two Provisions Requiring the Authorization of the Board of Trustees

Defendant first proposed a waiver of attorneys' fees and costs in its redline of September 21, 2026, and pressed it again in its comments of September 24, 2026, asking that the Funds be barred from recovering their fees and costs through the date of the Stipulation. In those same comments of September 24, 2026, and for the first time in the negotiation, Defendant demanded that this action be discontinued with prejudice in the event the auditor finds no deficiency as to the affiliated entities. Both give away rights belonging to the Trust Funds, and neither is counsel's to give. Plaintiffs' counsel put both to the Fund Office on September 25, 2026; the Board of Trustees has not acted upon them. Those provisions appear in Exhibit A at paragraphs 8 and 16, bracketed and expressly subject to the Board's consent. Plaintiffs will advise the Court promptly when the Board acts, and will withdraw the bracketed provisions by letter if consent is not given.

IV. REQUEST FOR A CONFERENCE

In the electronic mail message of September 26, 2026 at 6:56 a.m. quoted in Point II above, Defendant's counsel wrote: "I think we will need further discussions with the judge before I could sign anthying.(sic.)" Plaintiffs agree that a conference would be useful and respectfully request that the Court schedule a brief telephone conference at its convenience, pursuant to Fed. R. Civ. P. 16 and Rule 2.A of the Court's Individual

Practices, to address the four matters set out in Point III and to fix the terms upon which the audit of the affiliated entities will be completed.

Plaintiffs note, so that the Court is aware of what may follow, that paragraph 4 of Exhibit A reserves Plaintiffs' right to proceed by subpoena under Fed. R. Civ. P. 45 as to any category of the affiliated entities' records Defendant contends is not within its possession, custody or control. Defendant has advised that the 2022 and 2023 general ledgers cannot be reached in its own system. Should a motion to compel become necessary, Plaintiffs will first request a pre-motion conference in accordance with Local Civil Rule 37.2 and Rule 3 of the Court's Individual Practices. Plaintiffs make no such application now.

Exhibit A is Plaintiffs' proposed Stipulation and Order. Exhibit B is the same document marked to show every change made since the draft circulated to Defendant's counsel on September 11, 2026; the marked passages are this office's accommodation of the revisions Defendant's counsel requested.

We thank the Court for its attention to this matter. Please notify this office of the Court's decision.[1]

Respectfully submitted,

Trivella & Forte, LLP

/s/Christopher Smith__________
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
(914) 949-9075
chris@tfsllp.com

**The Order to Show Cause conference previously held on September 11, 2026, at which Plaintiff sought to obtain a default judgment against the appearing Defendants, and which was adjourned sine die to permit the parties to engage in settlement discussions, is hereby calendared for October 15, 2026, at 2pm**

**The Clerk of the Court is kindly directed to terminate ECF Nos. 17 and 59.**
**Dated: September 28, 2026**
**While Plains, NY**

Nelson S. Román, U.S. District Judge

cc: Clifford H. Greene, Esq. (by ECF and electronic mail)

[1] Pursuant to Rule 7.A of the Court's Individual Practices in Civil Cases, counsel advises the Court that an artificial intelligence tool was used in preparing drafts of this letter and of the proposed Stipulation and Order submitted as Exhibit A. The tool was used in drafting both documents in their entirety, and counsel has reviewed, revised and adopted both as his own. Neither document cites any judicial decision. The statutes, rules, docket entries and correspondence cited in both have been verified by counsel against their sources. Exhibit B was produced by the document comparison function of Microsoft Word.